■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO RIVERA, Appellant.—Judgment of the Supreme Court, Bronx County, rendered February 19, 1976, convicting defendant of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an

indeterminate term of imprisonment of not less than four years and a maximum of life imprisonment, unanimously reversed, on the law, and a new trial ordered. At the trial, defendant chose not to take the stand, after the court ruled that if he did testify, he could be cross-examined as to his prior conviction for possession of marijuana. The court stated, "it doesn't involve hard drugs but may, nevertheless, demonstrate to the jury a disregard of law by your client". This ruling did not conform to the law *(People v Sandoval,* 34 NY2d 371). A defendant may be cross-examined as to a prior conviction "if the nature of such conduct or the circumstances in which it occurred bear logically and reasonably on the issue of credibility." *(People v Sandoval, supra,* p 376.) It cannot be said that mere possession of marijuana has any relation to credibility or veracity. Furthermore, in narcotics prosecutions, interrogation of a defendant as to a prior narcotics conviction (unless proof thereof is independently admissible to prove an element of the crime charged) may be unduly prejudicial "because of the widely accepted belief that persons previously convicted of narcotics offenses are likely to be habitual offenders". *(supra,* pp 377-378.) That the prior conviction was for a "soft" drug, marijuana, whereas the prosecution is for a "hard" drug, cocaine, does not provide an exception to this exclusionary rule. Accordingly, the court's ruling to permit the use of such evidence was erroneous *(supra,* p 378). In this case, where the evidence was not overwhelming, two principal issues of fact were whether defendant was a participant in the alleged sale and whether the narcotics in evidence were the narcotics sold. In these circumstances we cannot say the error was harmless *(People v Crimmins,* 36 NY2d 230). Concur—Birns, J. P., Evans, Lane and Lynch, JJ.